UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

GARLON LEE CARTER, et al          CIVIL ACTION 3-04-1984

VERSUS          U.S. DISTRICT JUDGE ROBERT G. JAMES

BLOUNT, INC.
         U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court are motions for summary judgment by defendants, Blount, Inc. (Blount), doc. # 44, and Stabilus, Inc. (Stabilus), doc. #53, both referred to me by the district judge for Report and Recommendation.

This is a suit for damages for personal injuries by plaintiff, Garlon Lee Carter as a result of a product which he alleges was defective. Plaintiff's wife and adult daughter, Robin Willis, also filed a claim for loss of consortium, and Willis also claims entitlement to Lejeune damages as a result of having come upon the scene of plaintiff's injury. It is Willis' claims to which defendants' motions speak.

Carter owns Lost Logger Enterprises, Inc., a logging company, which is a family business. Willis has worked for lost loggers since about 1986. On the day of the accident, Willis was "in the woods" with her father, Carter. Carter was attempting to locate an hydraulic fluid leak on his Hydro-Ax (logging equipment) when the heavy metal door of the cab of the machine fell, crushing his hand. Willis heard the sound and ran to her father's aid. As a result of his accident, Carter was diagnosed with severely displaced fractures of the left hand and other

injuries to the hand, including a laceration.

Defendants seeks summary judgment arguing first that Willis, as an adult child not dependent on Carter, cannot meet the legal proof required for a claim of loss of consortium and, second, that she does not meet the legal test for recovery of Lejeune damages.

Loss of consortium

In Louisiana, in order to establish a loss of consortium, a plaintiff must factually support the defendants's liability, damage to the primary victim, and his or her loss of consortium damages. Cole v. State, 755 So.2d 355 (La. App. 3rd C. 1999). A spouse's loss of consortium claim has seven elements: (1) loss of love and affection, (2) loss of society and companionship, (3) impairment of sexual relations, (4) loss of performance of material services, (5) loss of financial support, (6) loss of aid and assistance, and (7) loss of fidelity. Marien v. General Insurance Company of America, 836 So. 2d 239 (La. App. 3rd C. 2003). To be compensable, it is not necessary that a loss of consortium claim include damages from each category. Gunn v. Robertson, (La.App. 5 Cir. 2001); Seagers v. Pailet, 656 So.2d 700 (La.App. 5 Cir. 5/10/95). However, the plaintiff has the burden of proving definite loss. Quinn v. Wal-Mart Stores, Inc., 774 So.2d 1093 (La.App. 2 Cir. 2000). With the exception of its sexual component, the elements of a child's claim for loss of consortium are essentially the same. Farley v. State Through Dep't of Transp. and Dev., 680 So.2d 750, 754 (La.App. 1st Cir.9/27/96), writ denied 692 So.2d 1065 (La.12/13/96). Although claims for consortium are usually made by minor children, La. C.C. articles 2315, 2315.1 and 2315.2 offer relief without regard to the majority or minority of the parties so aggrieved. Moreover, precedent exists for the award of loss of consortium to adult children. Sebastien, et al. v. McKay, M.D., et al., 649 So.2d 711 (La.App. 3 Cir. 11/23/94).

In support of its motion, defendants points to the deposition testimony of plaintiff wherein she was asked about her consortium claim. When asked how she was damaged by the accident to her father, Willis testified "...I worry about him a lot more...". She said she is "afraid he'll get hurt" again. She said she had to "run the job" while he was not here. He had helped her "build my porch and stuff" by supervising her and her husband, something she says he could still do. However, Willis admitted that her father did not provide other services for her such as repairing her lawnmower, for example, changing her oil or housework. She did not seek medical treatment as a result of the accident.

Plaintiff counters defendants's evidence by presenting the affidavit testimony of Willis. The affidavit is dated months after her deposition was taken. It is well settled in the Fifth Circuit that a party may not defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony. S.W.S. Erectors, Inc. v. Infax, Inc. 72 F.3d 489 (5th Cir. 1996). However, even if the affidavit testimony were to be considered, it falls far short of what is required to establish a consortium claim.

Willis' claim for loss of consortium should be dismissed, as there are no genuine issues of material fact and defendants are entitled to judgment as a matter of law.

Lejeune damages

In her complaint, Willis also claims entitlement to Lejeune damages. Such damages are allowed under CC 2315.6 according to the guidelines set forth by the Louisiana Supreme Court in Lejeune v. Rayne Branch Hospital, 556 So. 2d 559 (La. 1990). The Supreme court held that damages for mental or emotional anguish for injuries to a third person are recoverable only under the following circumstances: (1) the claimant need not be physically injured but must "either

In support of its motion, defendants points to the deposition testimony of plaintiff wherein she was asked about her consortium claim. When asked how she was damaged by the accident to her father, Willis testified "...I worry about him a lot more...". She said she is "afraid he'll get hurt" again. She said she had to "run the job" while he was not here. He had helped her "build my porch and stuff" by supervising her and her husband, something she says he could still do. However, Willis admitted that her father did not provide other services for her such as repairing her lawnmower, for example, changing her oil or housework. She did not seek medical treatment as a result of the accident.

Plaintiff counters defendants's evidence by presenting the affidavit testimony of Willis. The affidavit is dated months after her deposition was taken. It is well settled in the Fifth Circuit that a party may not defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony. S.W.S. Erectors, Inc. v. Infax, Inc. 72 F.3d 489 (5th Cir. 1996). However, even if the affidavit testimony were to be considered, it falls far short of what is required to establish a consortium claim.

Willis' claim for loss of consortium should be dismissed, as there are no genuine issues of material fact and defendants are entitled to judgment as a matter of law.

Lejeune damages

In her complaint, Willis also claims entitlement to Lejeune damages. Such damages are allowed under CC 2315.6 according to the guidelines set forth by the Louisiana Supreme Court in Lejeune v. Rayne Branch Hospital, 556 So. 2d 559 (La. 1990). The Supreme court held that damages for mental or emotional anguish for injuries to a third person are recoverable only under the following circumstances: (1) the claimant need not be physically injured but must "either

view the accident or injury causing event or come upon the scene soon thereafter and before substantial change has occurred in the victim's condition", (2) the direct victim must suffer such harm that it can be expected that one in plaintiff's position would suffer serious mental anguish, (3) the emotional distress must be serious and reasonably foreseeable, and (4) the claimant must fall within the proper category of persons to recover such damages. The court stated that "[s]erious emotional distress, of course, goes well beyond simple mental pain and anguish. Compensation for mental pain and anguish over injury to a third person should only be allowed where the emotional injury is both sever and debilitating."

Once again, defendants points to Willis' deposition testimony in support of its argument. Willis testified that she was "very disturbed" about the accident. "[I]t really bothered me a lot", she said. That her father's hand was "gashed open" "really upset me". However, Willis admitted that she has received no treatment herself and has not seen a mental health professional. She has not received any diagnosis as a result of the accident, has had no nightmares and no other symptoms at all.

Both defendants and plaintiff offer in support of their respective arguments case law allowing and disallowing Lejeune damages in particular circumstances. It is clear form those cases and from the Louisiana Supreme Court's directive in Lejeune that Willis' claimed injury does not rise to the level of a compensable injury. Her testimony simply does not demonstrate the "debilitating" injury which the Supreme Court envisioned in Lejeune. There is no genuine issue of material fact as to Willis' claimed Lejeune damages and judgment should be granted as a matter of law.

Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the motions for summary judgment, Docs. # 44 and 53, be GRANTED, and that Willis' claims for loss of consortium and for Lejeune damages be denied and dismissed.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

E-filed at Alexandria, Louisiana, February 1, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE