UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| GARLON LEE CARTER, ET AL. | CIVIL ACTION NUMBER 04-1984 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BLOUNT INTERNATIONAL, INC., ET AL. | MAG. JUDGE JAMES D. KIRK |

**RULING**

Pending before the Court is a Motion in Limine [Doc. No. 93] filed by Defendant Blount International, Inc. ("Blount"). On June 8, 2006, Plaintiffs Garlon Lee Carter and Virginia Carter filed an Opposition to Defendant's Motion in Limine [Doc. No. 96]. On June 19, 2006, the Court granted Blount leave to file a Reply Memorandum. For the following reasons, Blount's Motion in Limine is GRANTED IN PART and DENIED IN PART.

This is a products liability lawsuit, based on injuries Plaintiff Garlon Lee Carter ("Carter") sustained while operating a Hydro-Ax, a feller-buncher machine manufactured by Blount. In his Complaint, Carter alleges that, on October 3, 2003, his "hand was severely injured when the heavy, expanded metal door suddenly and without warning gave way and fell on his hand." [Doc. No. 1, ¶ 7]. Carter further alleges that he "had to have surgery to repair the damage to his hand, and has undergone physical therapy." [Doc. No. 1, ¶ 7].

As a result of his injuries, Carter sought medical treatment from Dr. John S. McCabe ("McCabe"), a plastic and reconstructive surgeon. Carter also underwent occupational therapy

with Monica James and physical therapy with Troy James.

Blount seeks to exclude medical records and notes from McCabe and Monica James and Troy James regarding Carter's alleged shoulder injury. Blount contends that these healthcare providers are not qualified to diagnose Carter with a shoulder injury or render an opinion on causation.

In Plaintiffs' opposition memorandum, they apparently admit that McCabe and Monica James and Troy James are not qualified to diagnose Carter's alleged shoulder injury. However, Plaintiffs contend that the exclusion of the pages identified in their entirety is too broad a remedy. Plaintiffs identified those portions of the records which they agree should be redacted and those portions they feel are relevant and admissible.

Blount then filed a reply memorandum in which it agreed to some of the redactions proposed by Plaintiffs and withdrew some of its objections.

Accordingly, after reviewing the memoranda, it appears to the Court that the parties agree as follows:

(1) The line, "I strongly feel his shoulder problem is related to his work injury," in the February 4, 2004 medical notes by McCabe [Doc. No. 93, Exh. A] should be redacted, but the entries dated January 7, 2004, and March 3, 2004, and the remaining portion of the February 4, 2004 entry are admissible;

(2) Blount withdraws its objection to the admissibility of the February 3, 2004, through February 6, 2004 weekly progress note by Monica James; and

(3) Blount withdraws its objection to the admissibility of the February 16, 2004, through February 20, 2004 weekly progress note by Monica James.

Thus, to the extent that the parties have agreed to the redaction of McCabe's February 4, 2004 medical note, Blount's Motion in Limine is GRANTED. Blount's Motion in Limine as to the

February 3-6, 2004, and February 16-20, 2004 weekly progress notes by Monica James is DENIED AS MOOT.

However, Blount and Plaintiffs dispute whether the following notes are admissible:

(1)  January 28, 2004 progress notes by Monica James;

(2)  February 9, 2004, through February 13, 2004 weekly progress note by Monica James;

(3)  March 3, 2004 progress notes by Monica James;

(4)  March 8, 2004, through March 12, 2004, weekly progress note by Monica James ; and

(5)  March 22, 2004 initial evaluation report by Troy James.

With regard to the January 28, 2004 progress notes, the Court finds that Monica James is not qualified to diagnose "left rotator cuff tendonitis specifically with superaspinatus." After reviewing the note, the Court finds that Blount's Motion in Limine is GRANTED, and this record will be excluded in its entirety.[1]

With regard to the February 9, 2004, through February 13, 2004 weekly progress note, the Court finds that Monica James is not qualified to diagnose "possible rotator cuff tendonitis." Blount's Motion in Limine is GRANTED. This phrase will be redacted, so that the sentence now reads: "The pt [sic] was referred to Dr. Pope."

With regard to the March 3, 2004 progress notes, the parties agree to the redaction of the sentence, "However, while sustaining the original injury, he was suspended with his body weight

---

[1]The Court will reconsider allowing admission of a redacted form of the record on Plaintiffs' request, but it appears to the Court that the only admissible statement is the following: "I have provided therapy for Mr. Carter's [left] hand for the past few weeks."

3

hanging from his left hand." Additionally, the Court finds that Monica James is not qualified to diagnose "possible adhesive capsulitis." Blount's Motion in Limine is GRANTED, and the sentence containing the phrase "possible adhesive capulistis" will be redacted, so that it reads only: "However, he is not significantly improved."

With regard to the March 8, 2004, through March 12, 2004, weekly progress note, the Court agrees with Blount that Monica James again appears to attempt a diagnosis of Carter. Blount's Motion in Limine is GRANTED, and the following sentence is redacted: "I feel that his limitation at the present time is related largely to the problems with his shoulder and not so much with his left hand."

With regard to the March 22, 2004 initial evaluation report, the Court finds that Troy James' report largely recounts Carter's medical history and his self-reported pain, provides an evaluation of his physical abilities, and recommends a regimen of treatment, all of which are appropriate and admissible. Thus, to this extent, Blount's Motion in Limine is DENIED IN PART. However, the Court finds that the Motion in Limine should be GRANTED IN PART to redact the following sentence: "During his injury, he fell and injured his left shoulder as well."

MONROE, LOUISIANA, this 8th day of August, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE